**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| EMPIRE TECHNOLOGY DEVELOPMENT LLC,<br><br>*Plaintiff,*<br><br>v.<br><br>LENOVO GROUP LIMITED, LENOVO PC HK LTD., LENOVO (SHANGHAI) ELECTRONICS TECHNOLOGY CO. LTD., LENOVO (BEIJING) LIMITED, MOTOROLA MOBILE COMMUNICATION TECHNOLOGY LTD., and MOTOROLA (WUHAN) MOBILITY TECHNOLOGIES COMMUNICATION COMPANY LIMITED,<br><br>*Defendants.* | Case No. 2:25-cv-00837-JRG-RSP<br><br>**JURY TRIAL DEMANDED**<br><br>[redacted]<br><br>**PUBLIC VERSION** |

**DECLARATION OF SHAWNNA M. YASHAR IN SUPPORT OF THE DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS FOR LACK OF CONSTITUTIONAL STANDING**

I, Shawnna M. Yashar, declare and state as follows:

1. I am counsel for Defendants Lenovo Group Limited, Lenovo PC HK Ltd., Lenovo (Shanghai) Electronics Technology Co. Ltd., Lenovo (Beijing) Limited, Motorola Mobile Communication Technology Ltd., and Motorola (Wuhan) Mobility Technologies Communication Company Limited (collectively, "Defendants") in the above-captioned matter. I submit this Declaration in support of Defendants' Motion for Judgment on the Pleadings Pursuant to Fed. R. Civ. P. 12(c) for Lack of Constitutional Standing. Except as stated otherwise, I have personal knowledge of the facts as set forth herein. If called as a witness, I would testify to these facts under oath.

2. Attached hereto as **Exhibit 1** is a true and correct copy of a document titled Assignment and Assumption Agreement, effective June 5, 2017, as produced by Empire and Bates-labeled Empire_Len00006552-600.

3. Attached hereto as **Exhibit 2** is a true and correct copy of a document titled Master License Agreement, effective June 26, 2009, as produced by Empire and Bates-labeled Empire_Len00006555-84.

4. Attached hereto as **Exhibit 3** is a true and correct copy of a document titled Amendment No. 2 to Master License Agreement, effective May 17, 2010, as produced by Empire and Bates-labeled Empire_Len00006601-4.

5. Attached hereto as **Exhibit 4** is a true and correct copy of a document titled [redacted]

6. Attached hereto as **Exhibit 5** is a true and correct copy of an email thread with the subject [redacted]

[redacted]

7. Attached hereto as **Exhibit 6** is a true and correct copy of a document titled [redacted]

8. Attached hereto as **Exhibit 7** is a true and correct copy of a document containing handwritten notes, [redacted]

9. Attached hereto as **Exhibit 8** is a true and correct copy of a document stamped with [redacted], as produced by Empire and Bates-labeled Empire_Len00000946-56.

10. Attached hereto as **Exhibit 9** is a true and correct copy of a document stamped with [redacted], as produced by Empire and Bates-labeled Empire_Len00011126-36.

11. Attached hereto as **Exhibit 10** is a true and correct copy of a document titled [redacted]

12. Attached hereto as **Exhibit 11** is a true and correct copy of excerpts of the transcript of the deposition of Elizabeth Rudersdorf, Empire's General Counsel and Rule 30(b)(6) designated witness, as produced by Empire and Bates-labeled Empire_Len00010363-617.

13. Attached hereto as **Exhibit 12** is a true and correct copy of an email [redacted]

14. Empire did not produce in this litigation an [redacted] for the invention in U.S. Patent No. 8,798,120 (the "'120 Patent").

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Dated: June 15, 2026

*/s/ Shawnna M. Yashar*

Shawnna M. Yashar