[redacted]

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

EMPIRE TECHNOLOGY DEVELOPMENT LLC,

Plaintiff,

v.

LENOVO GROUP LIMITED, LENOVO PC HK LTD., LENOVO (SHANGHAI) ELECTRONICS TECHNOLOGY CO. LTD., LENOVO (BEIJING) LIMITED, MOTOROLA MOBILE COMMUNICATION TECHNOLOGY LTD., and MOTOROLA (WUHAN) MOBILITY TECHNOLOGIES COMMUNICATION COMPANY LIMITED,

Defendants.

Case No. 2:25-cv-00837-JRG-RSP

[redacted]

**PLAINTIFF'S SUR-REPLY IN OPPOSITION TO DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS PURSUANT TO FED. R. CIV. P. 12(c) FOR LACK OF CONSTITUTIONAL STANDING**

[redacted]

**TABLE OF CONTENTS**


INTRODUCTION ....................................................................................................1

ARGUMENT ........................................................................................................2

I. Lenovo's Motion Presents No Basis to Depart from this Court's Prior Ruling in the *Samsung* Litigation ....................................................................................................2

II. Empire Has All Substantial Rights in the '120 Patent .........................................3

A. [redacted] ....................................................................................................3

B. [redacted] ....................................................................................................5

C. [redacted] ....................................................................................................7

D. [redacted] ....................................................................................................8

III. Empire Has Exclusionary Rights to the '331 Patent ..........................................9

CONCLUSION ....................................................................................................10

[redacted]

## TABLE OF AUTHORITIES

**Cases** **Page(s)**

*Barbier v. Barry*,
345 S.W.2d 557 (Tex. Civ. App. 1961)....10

*Barrow-Shaver Res. Co. v. Carrizo Oil & Gas, Inc.*,
590 S.W.3d 471 (Tex. 2019)....4

*DDB Techs., L.L.C. v. MLB Advanced Media, L.P.*,
517 F.3d 1284 (Fed. Cir. 2008)....7, 9

*Elmen Holdings, L.L.C. v. Martin Marietta Materials, Inc.*,
86 F.4th 667 (5th Cir. 2023)....9

*Forbau v. Aetna Life Ins. Co.*,
876 S.W.2d 132 (Tex. 1994)....8

*Intell. Prop. Dev., Inc. v. TCI Cablevision of Cal.*,
248 F.3d 1333 (Fed. Cir. 2001)....9

*Intell. Tech LLC v. Zebra Techs. Co.*,
101 F.4th 807 (Fed. Cir. 2024)....5

*James Constr. Grp., LLC v. Westlake Chem. Corp.*,
650 S.W.3d 392 (Tex. 2022)....1, 10

*Kinsale Ins. Co. v. Flyin' Diesel Performance & Offroad, L.L.C.*,
99 F.4th 821 (5th Cir. 2024)....5

*Loumar, Inc. v. Smith*,
698 F.2d 759 (5th Cir. 1983)....2

*Rustic Nat'l Res. LLC v. DE Midland III LLC*,
669 S.W.3d 494 (Tex. App. 2022)....4

*Stoffels ex rel. SBC Tel. Concession Plan v. SBC Commc'ns, Inc.*,
677 F.3d 720 (5th Cir. 2012)....2

*Valence Operating Co. v. Dorsett*,
164 S.W.3d 656 (Tex. 2005)....5

*Vaupel Textilmaschinen KG v. Meccanica Euro Italia S.P.A.*,
944 F.2d 870 (Fed. Cir. 1991)....9

[redacted]

**INTRODUCTION**

This Court already resolved the standing question Lenovo now raises—analyzing the same patents under the same license agreement—and held that Empire possesses all substantial rights to the '120 and '331 Patents. *Samsung* Litigation,[1] Dkt. Nos. 217, 242.

Lenovo's Reply (Dkt. No. 105) confirms that its '120 Patent challenge rests entirely on the already-rejected premise that [redacted] That premise fails for multiple independent reasons. [redacted] Lenovo's argument demands that this Court ignore these provisions, contravening the well-established principle that a contract must be read as a whole to effectuate the parties' intent. And even confining the analysis to [redacted], Lenovo's motion still fails. [redacted] The record is clear [redacted] Lenovo's invocation of 35 U.S.C. § 261 and Rule 19 fares no better—both derive from the same unsupported premise and fail to justify departing from this Court's prior analysis.

Lenovo's argument on the '331 Patent likewise fails. Having conceded that Empire did not abandon the '331 Patent [redacted], Lenovo resorts once again to the inapplicable substantial compliance doctrine. But that doctrine merely exists to prevent parties from playing "gotcha" to "avoid their own contractual obligations." *James Constr. Grp., LLC v. Westlake Chem. Corp.*, 650 S.W.3d 392, 406 (Tex. 2022). [redacted]

---

[1] Capitalized terms not defined herein have the meaning ascribed to them in Empire's Opposition.

[redacted]

On the contrary, both performed for years with the mutual understanding that Empire is the exclusive licensee of the '331 Patent. Lenovo's motion should be denied in its entirety.

## ARGUMENT

### I. Lenovo's Motion Presents No Basis to Depart from this Court's Prior Ruling in the *Samsung* Litigation

Lenovo argues that this Court's prior standing ruling in the *Samsung* Litigation does not bind it and should be disregarded entirely. Reply at 2–3. While Empire has never argued that issue preclusion applies, this Court's decision in *Samsung* does *inform* the outcome here. In *Samsung*, this Court analyzed the *same* patents [redacted]—and concluded that Empire has standing to assert, and holds all substantial rights to, the '120 and '331 Patents. *See Samsung* Litigation, Dkt. Nos. 217, 242. Principles of judicial consistency strongly favor adhering to that holding. *See Stoffels ex rel. SBC Tel. Concession Plan v. SBC Commc'ns, Inc.*, 677 F.3d 720, 727–28 (5th Cir. 2012) (recognizing courts' "duty" of consistency where later cases present "substantially similar" issues to earlier decided cases). The standing issues here are not merely "substantially similar" to those resolved in *Samsung*—they are identical.

Lenovo would have this Court ignore the well-established Fifth Circuit precedent that a "'judge should hesitate to undo his own work'" because this rule should not be "a barrier to correction of judicial error." Reply at 3 (quoting *Loumar, Inc. v. Smith*, 698 F.2d 759, 762–63 (5th Cir. 1983)). But Lenovo identifies no error in the *Samsung* decision; it merely recycles the same arguments this Court already considered and rejected, without offering a single reason why this Court's prior analysis was wrong. That is plainly insufficient.[2]

[2] Lenovo's claim that its motion is "materially different" because it raises Rule 19 joinder and 35 U.S.C. § 261 arguments that Samsung did not present (Reply at 3) does not justify reconsidering this Court's prior holding. Those arguments are peripheral to the central question—whether the

[redacted]

## II. Empire Has All Substantial Rights in the '120 Patent

### A. [redacted]

[redacted] As this Court already held, the standing analysis ends here because "IDMC could and did accept the patent using the alternative mechanism that the amendment allowed for." *Samsung* Litigation, Dkt. No. 217 at 4.

[redacted]

---

[redacted] grant Empire all substantial rights—which this Court has already resolved. Joinder in particular is not an independent basis for relief; it is simply a potential consequence of how this Court resolves that same question. In any event, Lenovo's "new" arguments fail on their own terms, and relate solely to the '120 Patent. Lenovo has not attempted to identify a new argument contrary to this Court's prior holding that Empire has standing to assert the '331 Patent.

[3] "Ex. __" refers to an exhibit to the Declaration of Elizabeth DeRieux, submitted in connection with Empire's Opposition.

[redacted]

[redacted] The University filed a provisional patent application [redacted] and IDMC timely filed a non-provisional application. [redacted]

---

[4] The context in which [redacted] was executed further confirms its purpose. Courts interpret contracts "in light of the circumstances present when the contract was entered." *Rustic Nat'l Res. LLC v. DE Midland III LLC*, 669 S.W.3d 494, 500–01 (Tex. App. 2022) (citation omitted). Context is properly considered even when the contract is unambiguous. *Barrow-Shaver Res. Co. v. Carrizo Oil & Gas, Inc.*, 590 S.W.3d 471, 483–84 (Tex. 2019). [redacted]

[5] [redacted]

[redacted]

**B.** [redacted]

Magistrate Judge Payne previously held that "the Section 1.2 Notice provision does not act as the exclusive mechanism for the licensee to select a patent." *Samsung* Litigation, Dkt. No. 217 at 4. Despite this, every section of Lenovo's Reply rests on the incorrect premise that [redacted][6] But even accepting Lenovo's exclusive focus on [redacted]

Lenovo's focus on [redacted] "violates Texas's long-established rule that no one phrase, sentence, or section of a contract should be isolated from its setting and considered apart from the other provisions." *Kinsale Ins. Co. v. Flyin' Diesel Performance & Offroad, L.L.C.*, 99 F.4th 821, 828 (5th Cir. 2024) (citation modified); *Intell. Tech LLC v. Zebra Techs. Co.*, 101 F.4th 807, 813 (Fed. Cir. 2024), *cert. denied*, 145 S. Ct. 568 (2024) ("contracts are read as a whole to give meaning to the parties' intent as expressed in the writing"). If Lenovo's argument were correct, [redacted] would serve no purpose, violating this fundamental principle. [redacted] Indeed, courts must "consider the entire writing in an effort to harmonize and give effect to all the provisions of the contract so that none will be rendered

[6] *See* Reply Section II.B.1 ([redacted] Section II.B.2 [redacted]); Section II.B.3 ([redacted]; Section II.B.4 ([redacted]); Section II.B.5 ([redacted]); Section II.B.6 ([redacted]).

[redacted]

meaningless." *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 662 (Tex. 2005). [redacted]

Even on its own terms, [redacted] does not support Lenovo's position. [redacted]

[redacted]

[redacted]

The parties' course of conduct confirms this conclusion. Where a contract is ambiguous, the "[c]onduct of the parties which indicates the construction that the parties themselves placed on the contract may . . . be considered in determining the parties' true intent." *DDB Techs., L.L.C. v. MLB Advanced Media, L.P.*, 517 F.3d 1284, 1292 (Fed. Cir. 2008) (citation omitted). The decade-plus course of conduct here, which included Empire prosecuting the '120 Patent, paying the maintenance fees, developing the patent family, [redacted], confirms Empire has all substantial rights. Opp. at 21–23; *see also Samsung* Litigation, Dkt. No. 217 at 4 ("The conduct of parties, IDMC and the University, further confirm" that Empire has all substantial rights).

**C.** [redacted]

[redacted] *Samsung* Litigation, Dkt. No. 217 at 4 ("To the extent there are any deficiencies in what IDMC did, the Court finds that IDMC was entitled to, and did waive any requirements."). [redacted] Lenovo does not, and cannot, dispute that [redacted] Instead, Lenovo [redacted] But, as discussed above, and as this Court has already found, [redacted]

[redacted]

[redacted]

[redacted] That is plainly wrong. [redacted] Lenovo's cases are not contrary; none involves a non-party's attempt to override a licensee's express waiver rights under the contract's own terms.

[redacted] The specific provision controls over the general. *See Forbau v. Aetna Life Ins. Co.*, 876 S.W.2d 132, 133–34 (Tex. 1994). [redacted], Lenovo's assertion that conduct alone cannot implicitly waive is inapposite.

**D.** [redacted]

Lenovo's argument that Empire [redacted] For all the reasons discussed herein, in the Opposition, and in this Court's holding in *Samsung*, the '120 Patent was selected [redacted]

[redacted] the requirements of Section 261 are satisfied. *See DDB Techs.*, 517 F.3d at 1289–90.

Lenovo's statute-of-frauds analogy is inapt. [redacted] is a comprehensive written license agreement that grants all substantial rights (the very "instrument in writing" Section 261 contemplates), including to the '120 Patent. Nor does characterizing [redacted] *DDB Techs.*, 517 F.3d at 1290 (explaining that written instruments may capture "future inventions" and "no further act [would be] required once an invention [came] into being" (citation omitted)).[7]

## III. Empire Has Exclusionary Rights to the '331 Patent

Lenovo concedes that [redacted] Instead, Lenovo reiterates the substantial compliance doctrine—a doctrine no court has ever applied in the manner Lenovo proposes. Every case Lenovo cites involves a *party* to the underlying agreement raising the doctrine as a defense to a suit by another party to the agreement seeking to enforce the contract.[8] Empire is aware of no case applying the

---

[7] Lenovo's Rule 19 joinder argument fails because where a licensee holds all substantial rights, it may sue in its own name. *Intell. Prop. Dev., Inc. v. TCI Cablevision of Cal.*, 248 F.3d 1333, 1345 (Fed. Cir. 2001). Lenovo's contention that [redacted] ignores that the Federal Circuit has squarely held that a licensor's retention of minimal rights does not defeat a transfer of all substantial rights. *See Vaupel Textilmaschinen KG v. Meccanica Euro Italia S.P.A.*, 944 F.2d 870, 875 (Fed. Cir. 1991) (right of reversion not "so substantial as to reduce the transfer to a mere license or indicate an intent not to transfer all substantial rights"). Lenovo does not address, let alone distinguish, this controlling authority.

[8] *See Elmen Holdings, L.L.C. v. Martin Marietta Materials, Inc.*, 86 F.4th 667, 679–80 (5th Cir. 2023) (in a royalty payment dispute between the parties to an agreement, email from plaintiff's

[redacted]

substantial compliance doctrine to permit a *non-party* to an agreement to force its termination, and, as Magistrate Judge Payne already recognized, the doctrine "is inapplicable here." *Samsung* Litigation, Dkt. No. 217 at 5. *James Construction* confirms why. The doctrine prevents parties from "'gotcha' tactics to avoid their own contractual obligations based on a technicality." 650 S.W.3d at 406. Neither party to [redacted] seeks to avoid its contractual obligations. [redacted]; *see also* Opp. at 29.

Lenovo's remaining argument that Empire cannot demand strict compliance with [redacted] is a false equivalence. [redacted] Opp. at 26. Lenovo's argument also ignores the purpose of [redacted] There is nothing inconsistent about requiring strict compliance with that safeguard—which guards against the destruction of vested rights—while permitting a more practical showing when the question is whether rights were acquired. *See Samsung* Litigation, Dkt. No. 217 at 5 (declining "the invitation to unravel the contracting parties' agreement and course of conduct based on a third party's self-interested interpretation of compliance"). There is no basis to dismiss the '331 Patent infringement claims.

## CONCLUSION

For the reasons stated herein and in the Opposition, Lenovo's motion should be denied.

---

predecessor in interest satisfied notice requirement to defendant of missed royalty payment); *Barbier v. Barry*, 345 S.W.2d 557, 562 (Tex. Civ. App. 1961) (holding that plaintiff could not sue for breach of contract because defendant had substantially complied with termination notice).

[redacted]

Dated: August 10, 2026

Respectfully submitted,

*/s/ Elizabeth L. DeRieux*
Elizabeth L. DeRieux (Texas Bar No. 05770585)
CAPSHAW DERIEUX, LLP
114 East Commerce Avenue
Gladewater, Texas 75647
(903) 845-5770
ederieux@capshawlaw.com

Nathaniel Browand (admitted *pro hac vice*)
New York Bar No. 4349981
Christopher Gaspar (admitted *pro hac vice*)
New York Bar No. 2932762
Andrew Lichtenberg (admitted *pro hac vice*)
New York Bar No. 4881090
Rachel Wolf (admitted *pro hac vice*)
New York Bar No. 5857438
Alana Mattei (admitted *pro hac vice*)
New York Bar No. 6091292
Kiersten Wood (admitted *pro hac vice*)
New York Bar No. 6278485
MILBANK LLP
55 Hudson Yards
New York, NY 10001
(212) 530-5000
nbrowand@milbank.com
cgaspar@milbank.com
alichtenberg@milbank.com
rwolf@milbank.com
amattei@milbank.com
kwood@milbank.com

Marina Markarian (admitted *pro hac vice*)
California State Bar No. 340686
MILBANK LLP
2029 Century Park East, 33rd Floor
Los Angeles, California 90067
(424) 386-4000
mmarkarian@milbank.com

*Attorneys for Plaintiff*
*Empire Technology Development LLC*

[redacted]

## CERTIFICATE OF SERVICE

I hereby certify that on August 10, 2026, all counsel of record are being served with a copy of the foregoing document via electronic mail.

*/s/ Elizabeth L. DeRieux*
Elizabeth L. DeRieux

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

I hereby certify that the foregoing document is being filed under seal pursuant to the Protective Order entered in this matter.

*/s/ Elizabeth L. DeRieux*
Elizabeth L. DeRieux