**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| EMPIRE TECHNOLOGY DEVELOPMENT LLC,<br>*Plaintiff*,<br>v.<br>LENOVO GROUP LIMITED, LENOVO PC HK LTD., LENOVO (SHANGHAI) ELECTRONICS TECHNOLOGY CO. LTD., LENOVO (BEIJING) LIMITED, MOTOROLA MOBILE COMMUNICATION TECHNOLOGY LTD., *and* MOTOROLA (WUHAN) MOBILITY TECHNOLOGIES COMMUNICATION COMPANY LIMITED,<br>*Defendants*. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CASE NO. 2:25-CV-00837-JRG-RSP |

**MEMORANDUM ORDER**

Before the Court is Defendants Lenovo Group Ltd.'s and Lenovo PC HK Ltd.'s Motion to Stay Pending Resolution of *Inter Partes* Review, *Ex Parte* Review, and Related Litigation. **Dkt. No. 36.** Having considered the Motion and related briefing, *see* Dkt. Nos. 43, 45, 48, the Motion should be **GRANTED**.

## I. BACKGROUND

Empire asserts infringement of Claims 25 and 29 of U.S. Patent 8,798,120 and Claim 1 of U.S. Patent 8,565,331. Those claims have been or are the subject of both prior litigation in this Court—*Empire Tech. Dev. LLC v. Samsung Elecs. Co. Ltd.*, No. 2:23-CV-00427-JRG-RSP (E.D. Tex.)—and reexamination, at Samsung's request, by the United States Patent and Trademark Office:

| Claim | *Empire v. Samsung*[1] Judgment | Current USPTO Status |
|---|---|---|
| ’120 Patent, Claim 25 | Infringed<br>Post-Judgement Motions Pending[2] | Unpatentable Following IPR[3]<br>Appealed to Fed. Cir., Empire’s Open’g Br. filed Sept. 4, 2026[4] |
| ’120 Patent, Claim 29 | Not Infringed<br>Post-Judgement Motions Pending | Not Unpatentable Following IPR[5] |
| ’331 Patent, Claim 1 | Not Infringed<br>Post-Judgement Motions Pending | Under *Ex Parte* Reexamination<br>All Pending Claims Stand Rejected[6] |

Generally, Lenovo makes two arguments. First, a stay pending resolution of the IPR appeal and *ex parte* reexamination will simplify the issues. Dkt. No. 36 at 6–10. Second, a stay until resolution of the *Samsung* post-trial motions will simplify the issues and may give rise to issue preclusion or the *Kessler* doctrine, because the accused devices in both *Samsung* and this cause use the same or similar Qualcomm components at the heart of the alleged infringement. *Id.* at 10–12.

---

[1] After briefing on this Motion was complete, the Court stayed *Samsung* pending resolution of the petitions and appeals of the PTAB’s December 9, 2025 determination that Claim 25 of the ’120 Patent is unpatentable. *See* Order, Dkt. No. 314 (Mar. 10, 2026).

[2] *Empire Tech. Development LLC v. Samsung Elecs. Co.*, No. 2:23-CV-00427-JRG-RSP, Dkt. No. 285 (Samsung moving for judgment as a matter of law that it has not infringed Claim 25 of the ’120 Patent), Dkt. No. 286 (Empire moving for judgment as a matter of law that Samsung infringed Claim 1 of the ’331 Patent and Claim 29 of the ’120 Patent).

[3] Final Written Decision (Dec. 9, 2025), Dkt. No. 28-1 at 49.

[4] *Empire Tech. Development LLC v. Samsung Elecs. Co.*, No. 26-1822 (Fed. Cir.), opened May 13, 2026.

[5] Final Written Decision (Dec. 9, 2025), Dkt. No. 28-1 at 49.

[6] Office Action in *Ex Parte* Reexamination (Apr. 16, 2025), Dkt. No. 93-1.

Accusing Lenovo of "seek[ing] to halt this lawsuit based on piecemeal litigation with an unrelated third party," Dkt. No. 43 at 1, Empire responds with four counterpoints. First, a stay will *not* simplify the issues because Claim 29 has been determined "not unpatentable" by the PTAB. *Id.* at 5–6. Second, concerning Claim 25, any potential simplification of issues is speculative and years away. *Id.* at 6–7. Third, the *ex parte* reexamination is unlikely to invalidate the '331 Patent claims.[7] *Id.* at 7–8. Finally, issue preclusion will not apply because the issues in *Samsung* are not identical and the facts "necessarily decided" in *Samsung* are indeterminable. *Id.* at 8–12.

## II. LEGAL STANDARD

A district court has authority to stay cases based on its inherent power to control its own docket. *AGIS Software Dev. LLC v. Google LLC*, No. 2:19-CV-00361-JRG, 2021 WL 465424, at *2 (E.D. Tex. Feb. 9, 2021). When evaluating a stay request, courts consider: (1) whether the stay will likely result in simplifying the case, (2) whether the stay will unduly prejudice the nonmovant, and (3) whether the proceedings have reached an advanced stage. *Lionra Techs. Ltd. v. Cisco Sys., Inc.*, No. 2:24-CV-00097-JRG, 2025 WL 1239317, at *1 (E.D. Tex. Apr. 28, 2025). "Based on th[ese] factors, courts determine whether the benefits of a stay outweigh the inherent costs of postponing resolution of the litigation." *Id.* (quoting *NFC Tech. LLC v. HTC Am., Inc.*, No. 2:13-CV-1058-WCB, 2015 WL 1069111, at *2 (E.D. Tex. Mar. 11, 2015)). The party seeking a stay has the burden to establish it is justified. *Peloton Interactive, Inc. v. Flywheel Sports, Inc.*, No. 2:18-CV-00390-RWS-RSP, 2019 WL 3826051, at *1 (E.D. Tex. Aug. 14, 2019).

[7] Empire made this argument before the USPTO granted *ex parte* reexamination.

## III. DISCUSSION

Two of the three factors favor a stay. The case is at an early stage, with the claim-construction hearing scheduled for April 2027. Second, the chance that issues will simplify from at least one of the three proceedings is high.

As for whether it will be unduly prejudiced by a stay, Empire only identifies a delay in recovering monetary damages. Dkt. No. 43 at 13. But delay is "not sufficient, standing alone, to defeat a stay motion." *Intellectual Ventures II LLC v. BITCO Gen. Ins. Corp.*, No. 6:15-CV-00059, 2016 WL 4394485, at *2 (E.D. Tex. May 12, 2016).

Empire estimates the *ex parte* reexamination will not conclude until April 2027. Dkt. No. 43 at 13. Rather than proceed with claim-construction discovery and briefing as currently scheduled, and then potentially repeating that process shortly thereafter for amended or new claims, judicial efficiency warrants a stay, particularly when also considering the potential impact of the *Samsung* post-trial motions and IPR appeal. Accordingly, the Court **GRANTS** the Motion, **STAYS** this case, and **ORDERS** the Clerk to administratively **CLOSE** this proceeding. The Court **FURTHER ORDERS** the parties to notify the Court in *this* case whenever:

(1) the Court lifts the stay in the *Samsung* proceeding;

(2) the Court resolves Dkt. No. 285 in the *Samsung* proceeding;

(3) the Court resolves Dkt. No. 286 in the *Samsung* proceeding;

(4) the Federal Circuit enters a decision on the merits of the IPR appeal, or the appeal is otherwise terminated; or

(5) the pending *ex parte* reexamination concludes.

**SIGNED this 24th day of September, 2026.**

ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE